UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JOHN C. BROADNAX,

                Plaintiff,

v.                                                               Case No. 25-cv-944-pp

WARDEN ROBERT D. MILLER, *et al.*,

                Defendants.

_____

**ORDER DENYING PLAINTIFF'S MOTION TO PAY FILING FEE FROM HIS RELEASE ACCOUNT (DKT. NO. 4) AND ORDERING PLAINTIFF TO PAY $405 FILING FEE OR FILE MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE AND NECESSARY DOCUMENTS**

_____

On July 2, 2025, the court received a complaint under 42 U.S.C. §1983 from plaintiff John C. Broadnax, who is incarcerated and is representing himself. Dkt. No. 1. The same day, the Clerk of Court sent the plaintiff a letter directing him within twenty-one days of the letter—by July 23, 2025—to either (1) pay the $405 civil case filing fee or (2) file a motion for leave to proceed without prepaying the fee and a copy of his institutional trust account statement for the six months before he filed his complaint. Dkt. No. 2. The clerk's letter also directed the plaintiff by the same deadline to sign and return an enclosed form regarding magistrate judge jurisdiction. Id.

The July 23, 2025 deadline has passed, and the court has received only the plaintiff's magistrate judge consent form. Dkt. No. 3. The plaintiff has neither paid the $405 filing fee nor requested leave to proceed without prepaying it. He instead filed a motion asking the court to allow him "to proceed in district court

with paying the full filing fee from the inmate release account." Dkt. No. 4. He asks the court to send Racine Correctional Institution (where he is incarcerated) "a court order to release money for the full fee." Id.

The term "prisoner's account" used in 28 U.S.C. §1915 "encompasses both [an incarcerated person's] release account and his general account." Spence v. McCaughtry, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). The release account "is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." Wilson v. Anderson, Case No. 14-cv-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code §DOC 309.466). Courts in this district have permitted incarcerated persons to use their release accounts to pay the *initial* partial filing fee. E.g. Doty v. Doyle, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002); Spence, 46 F. Supp. 2d at 862–63. But absent unusual circumstances, this court has no authority to order (or allow) an incarcerated plaintiff to "tap into his release account to pay current (or future) litigation costs." McCalla v. Thompson, Case No. 18-cv-1895-jps, 2019 WL 3220551, at *2 (E.D. Wis. July 17, 2019) (citing Wilson, 2014 WL 3671878, at *3); see Collins v. State of Wis., Case No. 20-cv-521-pp, 2020 WL 6361860, at *2 (E.D. Wis. Oct. 29, 2020) ("Although courts often will allow plaintiffs to pay the *initial partial filing fee* with funds from their release account, they generally do not allow plaintiffs to deplete their release accounts by paying the full filing fee from that account.").

There is no statutory authorization for the plaintiff to pay the full $405 filing fee from his release account. As the name suggests, the purpose of that account is to provide funds for his release. That intended purpose is sufficient reason not to permit the plaintiff to use his release account to pay the full fee. See Collins, 2020 WL 6361860, at *2 (citing Smith v. Huibregtse, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001)). The plaintiff also provides no unusual circumstances to justify the court allowing him to use the funds in his release account to cover the full filing fee.

The court will deny the plaintiff's request to pay the full $405 filing fee from his release account and will give him **a final opportunity** to comply with the court's orders. If the plaintiff wishes to proceed in this case, he must either pay the $405 filing fee or submit to the court a completed and signed motion for leave to proceed without prepaying the filing fee along with a certified copy of his institutional trust account statement for the six months before he filed this lawsuit (January through June 2025), as the clerk's office instructed. The statement must include all activity in his accounts, including all deposits to and withdrawals from his accounts for those six months. The plaintiff alternatively may submit a letter explaining why he is unable to provide these documents. The court will include with this order a blank request for leave to proceed without prepaying the filing fee.

The court **DENIES** the plaintiff's motion for a court order allowing him to pay the full $405 filing fee from his release account. Dkt. No. 4.

The court **ORDERS** that by the end of the day on **August 20, 2025**, the plaintiff must either pay the full $405 filing fee or file with the court a completed motion for leave to proceed without prepaying the filing fee and a certified copy of his institutional trust account statement for the past six months (January through June 2025). That means that the plaintiff must pay the filing fee or file his documents so that the court *receives them* by the end of the day on August 20, 2025. If the plaintiff fails to pay the filing fee or provide these documents or inform the court why he is unable to do so **by the end of the day on August 20, 2025**, the court will dismiss this case without further notice for his failure to prosecute it. See Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

Dated in Milwaukee, Wisconsin this 29th day of July, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**