UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN C. BROADNAX,

        Plaintiff,

v.                                             Case No. 25-cv-944-pp

WARDEN ROBERT D. MILLER, *et al.*,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 7) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

        Plaintiff John C. Broadnax, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants failed to protect him from harm. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 7, and screens his complaint, dkt. no. 1.

**I.**     **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 7)**

        The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On August 14, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $11.58. Dkt. No. 8. The court received that fee on September 2, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names as defendants Racine Warden Robert D. Miller, Deputy Warden Kenya A. Mason, Patrick D. Schilgen, Security Director Brandon T. Morris, Captains Jacob M. Slawson and Russel E. Kamiski, Unit Managers Nicolas Filkins and Jennifer Melgosa, Lieutenant Devin W. Bayles, Sergeant Matthew S. Behrens and Correctional Officers Angel J. Antonio and Daniel T. Gonzalez. Dkt. No. 1 at 1, 3. The plaintiff sues defendants Miller, Mason and Schilgen in their official capacities only. Id. at 7. He sues all other defendants in their individual and official capacities. Id.

The plaintiff alleges that shortly after 10:00p.m. on September 15, 2024, his cellmate Pablo Villafane assaulted him, and the plaintiff had to be taken to a hospital for trauma to his head and body. Id. at 2. He says that a doctor at the hospital treated his wounds and gave specific instructions for cleaning his wounds to ensure his recovery. Id. at 4. The plaintiff alleges that medical staff at Racine failed to treat his wounds properly, and that he developed an infection that required him to be hospitalized again. Id.

The plaintiff asserts that his "assault could have been prevented," and he seeks damages against staff who failed to protect him from the assault. Id. He says that the Department of Corrections has established policies for discipline of incarcerated persons, which includes temporary lock-up (TLU) if an individual's "presence in general population may create a danger to the physical safety of the inmate or another." Id. The plaintiff alleges that his cellmate (Villafane) posed a threat to his physical safety, but he does not elaborate. Id. He says that if "the defendants acted according to policy," he "would not have suffered the injuries Villafane inflicted." Id. at 4–5. The plaintiff explains that there are policies allowing staff to place incarcerated individuals who "constantly threaten other inmates" into TLU. Id. at 5. He does not say whether Villafane threatened others, but he says that being assigned to five cells in three months is "not common for the inmate population." Id.

The plaintiff alleges that the "unit manager, sergeant and officers on duty" had an opportunity to "respond to any disruptive [*sic*] or any behavior posing a threat to inmates or the orderly operation of the institution." Id. He

says that unit managers can access "the inmate's entire prison record file," which is used to determine a suitable living area and "to ensure the safety and security of inmates, as well as the staff and the orderly operation of the institution." Id. The plaintiff claims that "defendants knew or should have known that plaintiff's safety was compromised when they assigned Pablo Villafane to plaintiff's living area." Id. at 6. He says that the defendants "knew or should have known that Villafane posed a threat and that he should have been placed in temporary lockup." Id. The plaintiff claims that the "[d]efendants ignored the threat and disregarded plaintiff's safety," and that as a result he "suffered a violent assault while in his sleep." Id.

The plaintiff seeks a court order "for defendants to implement the policies they have in place which are supposed to ensure the safety and security of the inmate." Id. at 8. He also seeks unspecified compensatory and punitive damages "to be determined by the jury." Id.

C. Analysis

The court analyzes the plaintiff's allegations that the defendants failed to protect him under the Eighth Amendment's prohibition of cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted) (noting that prison officials "must take reasonable measures to guarantee the safety of the inmates" and "to protect prisoners from violence at the hands of other prisoners"). But the complaint does not state an Eight Amendment claim. Section 1983 "'creates a cause of action based on personal liability and predicated upon fault; thus,

liability does not attach unless the individual defendant caused or participated in a constitutional violation.'" Hildebrant v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996)). To be liable under §1983, the plaintiff must explain how each defendant was personally responsible for the violation of his constitutional rights. See Taylor v. Ways, 999 F.3d 478, 493 (7th Cir. 2021).

The complaint does not satisfy these standards. Although the plaintiff identifies several defendants in the caption of his complaint, he does not allege or describe what any of these defendants specifically did or failed to do that led to the assault by his cellmate. The complaint generally alleges that all defendants, identified only collectively, failed to follow institutional policy and ignored the risk that Villafane posed to the plaintiff. These general allegations are insufficient to state a claim against any individual defendant. See Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009) (affirming that "vague phrasing" in complaint that "'one or more of the Defendants' had engaged in certain acts or deprived [plaintiff] of his constitutional rights . . . does not adequately connect specific defendants to illegal acts").

The complaint does not even provide much detail about the alleged assault that led to the plaintiff's hospitalization. The plaintiff alleges that his cellmate (Villafane) assaulted him at night on September 15, 2024, and that he had to be hospitalized. But it is not until the last page of his allegations that the plaintiff explains that Villafane assaulted him while he slept. Even with this additional detail, the complaint does not allege a basis to hold any defendant

6

Case 2:25-cv-00944-PP    Filed 10/01/25    Page 6 of 11    Document 9

responsible for this assault. The complaint does not say, for example, whether Villafane had threatened or assaulted other incarcerated persons. It alleges only that he had been moved into five different cells in three months, which is uncommon. The complaint does not say whether any defendants were aware that Villafane might be a threat to the plaintiff or anyone else. It does not allege whether the plaintiff told any defendant that he was afraid that Villafane would assault him. It is not enough for the plaintiff to allege that he faced "a generalized risk of violence." Wilson v. Ryker, 451 F. App'x 588, 589 (7th Cir. 2011) (citing Brown v. Budz, 398 F.3d 904, 909, 913 (7th Cir. 2005)). The plaintiff must allege facts showing that there was "a tangible threat to his safety or well-being" or, in other words, a risk "so great that it is almost certain to materialize if nothing is done." Id. (citing Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008) and Brown, 398 F.3d at 911 (cleaned up)). There are no allegations in the complaint explaining any risk of violence that Villafane posed to the plaintiff or whether anyone was aware of that risk.

Nor does the complaint allege whether any defendant knew of, but disregarded, signs that the plaintiff's safety was in danger. Alleging only that the defendants "knew or should have known" that Villafane posed a risk to the plaintiff is insufficient to state a claim. The plaintiff must allege facts demonstrating how each defendant subjectively knew of an excessive risk of harm to the plaintiff's health or safety and disregarded that risk. Farmer, 511 U.S. at 837; Perez, 792 F.3d at 776. Again, the complaint fails to satisfy that standard for any of the named defendants.

Because the complaint fails to allege facts showing that the plaintiff faced a significant risk of harm or that any defendant knew of yet disregarded that risk, it fails to state a claim. But it is possible that with additional details and information, the plaintiff might be able to state a claim. The court will give the plaintiff an opportunity to amend his complaint to address the problems the court has described and to better explain the claims in his complaint. When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or institutional policies or cases. But it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to-explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the original complaint and must be complete by

itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 7.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **October 31, 2025**. If the court receives an amended complaint by the end of the day on October 31, 2025, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by day's end on October 31, 2025, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$338.42** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Racine Correctional Institution, where the plaintiff is incarcerated.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 1st day of October, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**