UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN C. BROADNAX,

Plaintiff,

v.                                                                Case No. 25-cv-944-pp

WARDEN ROBERT D. MILLER, *et al.*,

Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 13)**

The plaintiff has filed a motion for reconsideration of the court's May 22, 2026 order (Dkt. No. 12) screening his amended complaint. Dkt. No. 13. He states that his complaint does not document his anxiety condition which can be triggered by the events described in the complaint. Id. The plaintiff asserts that he has received extensive treatment for anxiety and that the condition has limited his potential for pursuing any occupation at Racine Correctional Institution, where he is incarcerated. Id. He states that based on his condition, he is a "qualified individual with a disability" under 42 U.S.C. §12132. Id. The plaintiff asserts that the health services unit "ignored circumstances of aggravating risks that led to [] injuries and exposed an individual in the care of the state to stroke and other possible complications," and that the Wisconsin Department of Corrections (DOC) and "Racine Municipality" should be added as defendants. Id. Alternatively, the plaintiff states that defendant John Doe may stand for the DOC's commissioner. Id.

Federal Rule of Civil Procedure 54(b) allows a court to revise any order adjudicating fewer than all the claims at any time before the entry of judgment

1

adjudicating all the claims and the rights and liabilities of all the parties. Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment"). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14 C 1727, 2019 WL 1505399 at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., Case No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

Motions for reconsideration serve a very limited purpose in federal civil litigation: "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), aff'd 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., Case No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

When it screened the amended complaint, the court allowed the plaintiff to proceed on Eighth Amendment failure-to-protect claims against defendants Filkins, Melgosa, Behrens, Antonio, Gonzalez, Grau, Reyes and Doe in their individual capacities based on allegations that they failed to protect the plaintiff from his cellmate after the plaintiff complained about threats to his safety, dkt.

2

no. 12 at 8; an Eighth Amendment medical care claim against defendant Randolph for the alleged delay in scheduling an appointment for the plaintiff's injury from his cellmate, id. at 9-10; and a failure-to-train claim against defendants Miller, Manson, Schilgen and Morris in their official capacities, id. at 10. The plaintiff appears to state that the incident described in the complaint exacerbated his anxiety condition, but his complaint did not document his anxiety condition. He says he has received extensive treatment for anxiety. Although not entirely clear, the plaintiff may believe that he could have proceeded in this case on a claim based on his anxiety condition. But a separate claim based on anxiety probably would need to be brought in a separate lawsuit. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (a plaintiff cannot bring unrelated claims against different defendants in the same case); see also Fed. R. Civ. P. 18(a) and 20(a)(2). This does not prevent the plaintiff from arguing in this case that the failure-to-protect incident and subsequent events caused him psychological harm.

The plaintiff does not contend that the court's order screening the amended complaint contains an error of law. The court will deny his motion for reconsideration.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 9th day of July, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3