UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN C. BROADNAX,

                    Plaintiff,

      v.                                                    Case No. 25-cv-944-pp

WARDEN ROBERT D. MILLER, *et al.*,

                    Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION TO JOIN PARTY PLAINTIFF AND ADD SUPPLEMENTAL COMPLAINT (DKT. NO. 14)

---

The plaintiff filed a motion in which he asks to add a party plaintiff under Federal Rules of Civil Procedure 19(a) and 20(a) and for the new plaintiff to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). Dkt. No. 14 at 1. The plaintiff states that he wants to add as a plaintiff Cristian Loga Negru, with whom he shared a cell for over six months. Id. The plaintiff says that the claims sought to be added through Loga Negru's supplemental complaint stem from events that occurred at Waupun Correctional Institution and Racine Correctional Institution and "in part were experienced in common." Id. He asserts that the claims from Waupun "are subject to service of process to additional defendants mentioned in case # 26-cv-120-pp by Loga Negru (Warden Hepp, Emily Propson, Lt. Kinnard, Yana Pusich, SGT Manthei, Security Director Falkie, Tonia Moon, Director Weinman, John Doe, Jane Doe, Waupun Sheriff and Waupun Mayor) other defendants from Waupun correctional Inst. may be added (e.g. Lance Moon) if the court approves this

1

joiner." Id. The plaintiff asserts, similar to the plaintiff's claims in this case, Loga Negru also "experienced housing" with Pablo Villafane, and treatments through the HSU (health services unit) in Racine Correctional Institution. Id. The plaintiff asks the court to grant his motion "to achieve a common purpose, but at the same time place the claims under the incidence of PLRA and applicable law/provisions regarding the singularity of the filing fee per civil action, and for eventuality [sic] that the court cannot assign an attorney for the Plaintiff undersigned, the joinder will facilitate more resources for representation." Id. at 2.

There are several requirements to proceed jointly in a case. Under the Prison Litigation Reform Act (PLRA), incarcerated plaintiffs who bring a civil lawsuit must pay the statutory filing fee of $350. See 28 U.S.C. §1915(b)(1). Incarcerated plaintiffs to whom the court grants leave to proceed without prepaying the filing fee may pay that fee over time. See 28 U.S.C. §1915(b)(2). In a multiple plaintiff case, **each plaintiff is required to pay a filing fee**. See Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004); see Turley v. Gaetz, 625 F.3d 1005, 1011 (7th Cir. 2010) ("prisoners may join their claims in a single action but must each pay a separate filing fee").

The plaintiff references Loga-Negru's prior case, Loga Negru v. Hepp, Case No. 26-cv-120-pp (E.D. Wis.), and the plaintiff appears to want to add the claims and defendants from that case to this lawsuit. In that case, the court denied Loga Negru's motion for leave to proceed without prepaying the filing fee under 28 U.S.C. §1915(g) because he had accumulated three "strikes" due to

2

the fact that three of his prior cases had been dismissed as frivolous or for failure to state a claim, and he did not allege that he was under imminent danger of serious physical injury. <u>Loga Negru</u>, Case No. 26-cv-120, Dkt. No. 5 (E.D. Wis. Jan. 30, 2026). On March 5, 2026, the court dismissed the case based on Loga Negru's failure to pay the filing fee. <u>Id.</u>, Dkt. No. 6.

In addition to Loga Negru having accumulated three strikes under §1915(g), there are challenges that arise with group complaints filed by incarcerated individuals. <u>See</u> <u>Boriboune</u>, 391 F.3d 852. Complaints filed by multiple incarcerated persons may proceed if the allegations in the complaint satisfy the criteria for permissive joinder of parties and joinder of claims. <u>See</u> Fed. R. Civ. P. 20, 18. Rule 20 allows plaintiffs to join in one action if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Rule 18 allows properly joined plaintiffs to assert as many claims as they have against a single party. But "[u]nrelated claims against different defendants belong in different suits." <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

Another challenge that arises in group complaints filed by incarcerated individuals is that each plaintiff will be held legally responsible for knowing what is filed on his behalf. Each plaintiff will be subject to sanctions under Federal Rule of Civil Procedure 11 if the court finds sanctions to be warranted in any aspect of the case, even if a particular plaintiff was not directly responsible for the sanctionable conduct. Every plaintiff who was in custody

3

when the complaint was filed will incur a "strike" if the court dismisses the case as frivolous or malicious or for failure to state a claim upon which relief may be granted. See 28 U.S.C. §1915(g).

Federal Rule of Civil Procedure 11(a) requires that each party personally sign every pleading, motion and other paper, if the party is representing himself. This requirement may be difficult and costly for multiple incarcerated plaintiffs to comply with, particularly if a plaintiff is transferred among institutions or released before the case is resolved. Further, institution policies regarding communication and the delivery of documents among incarcerated persons may cause delay and confusion. Under Rule 11(a), the court will strike any filing that is not signed by every plaintiff.

If the above requirements have been satisfied, and those plaintiffs who wish to proceed have paid the filing fee or have been assessed and paid an initial partial filing fee, the court will screen the complaint. See 28 U.S.C. §1915A. In this case, no proposed supplemental complaint has been filed, but the claims the plaintiff describes regarding Loga Negru's allegations in Case No. 26-cv-120 do not relate to the plaintiff's claims in this case. And the plaintiff's assertion that Loga Negru "also experienced housing with Pablo Villafane, and the treatments afforded through H.S.U. in Racine Correctional Institution" does not satisfy Rule 20's requirement that claims must arise out of the same transactions, occurrence or series of transactions or occurrences. The plaintiff has not sufficiently alleged that any claim Loga Negru may have would be properly joined in this lawsuit.

4

The court **DENIES** the plaintiff's motion to join party plaintiff and add supplemental complaint. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

BY THE COURT:

_____

HON. PAMELA PEPPER
Chief United States District Judge

5