UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN C. BROADNAX,

Plaintiff,

v.

Case No. 25-cv-944
Appeal No. 26-2624

WARDEN ROBERT D. MILLER, *et al.*,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 27)**

---

Plaintiff John C. Broadnax, who is incarcerated at Racine Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened his amended complaint and allowed the plaintiff to proceed on Eighth Amendment failure-to-protect claims against defendants Filkins, Melgosa, Behrens, Antonio, Gonzalez, Grau, Reyes and Doe in their individual capacities based on allegations that they failed to protect the plaintiff from his cellmate after the plaintiff complained about threats to his safety, dkt. no. 12 at 8; an Eighth Amendment medical care claim against defendant Randolph for the alleged delay in scheduling an appointment for the plaintiff's injury from his cellmate, id. at 9-10; and a failure-to-train claim against defendants Miller, Manson, Schilgen and Morris in their official capacities, id. at 10. On July 9, 2026, the court denied the plaintiff's motion for reconsideration (Dkt. No. 13), in which he argued that the court should have allowed him to proceed on a claim under the Americans with Disabilities Act

based on his anxiety condition. Dkt. No. 15. On July 10, 2026, the court denied the plaintiff's motion to add a party plaintiff and supplemental complaint (Dkt. No. 14). Dkt. No. 16. The plaintiff has filed a notice of appeal regarding the court's July 9 and 10, 2026 orders, dkt. no. 21, and a motion for leave to appeal without prepaying the filing fee, dkt. no. 27.

Under the Prison Litigation Reform Act (PLRA), an incarcerated person must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If the incarcerated person does not have the money to pay the $605 filing fee in advance for an appeal, he can request the court for permission to proceed without prepayment. There are three grounds for denying an incarcerated appellant's request to proceed without prepaying the filing fee: the incarcerated person has not shown that he is indigent, he has filed the appeal in bad faith or he has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g). Here, the plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this interlocutory appeal in good faith. A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no

reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

A party may take an interlocutory appeal (an appeal from an order that does not resolve the case) under 28 U.S.C. §1292(b) if the district court certifies that the otherwise unappealable order involves a (1) controlling question of law, (2) as to which there is substantial ground for difference of opinion and (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b). There is no basis to certify an interlocutory appeal of the court's July 9 and 10, 2026 orders. The orders do not involve controlling questions of law and will not materially advance the termination of this litigation. Because there is no basis for the plaintiff to file an interlocutory appeal, the court finds that he has not taken this appeal in good faith. The court will deny the plaintiff's motion to appeal without prepaying the filing fee.

The plaintiff may challenge this finding by filing a separate motion for leave to appeal without prepaying the filing fee in the court of appeals within thirty days of the date of this order. See Fed. R. App. P. 24(a)(5). If the plaintiff does not file a motion requesting review of this order, he will be required to pay the full $605 appeal filing fee before the court of appeals considers his appeal. If he does not pay the fee within the deadline noted below, the court of appeals may dismiss the appeal.

The court **DENIES** the plaintiff's motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 27.

The court **ORDERS** that by the end of the day on **September 8, 2026**, the plaintiff must forward to the Clerk of Court the full appellate filing fee of $605. The plaintiff must clearly identify the payment by the case name and number assigned to this case.

The court will provide a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic filing system.

Dated in Milwaukee, Wisconsin this 24th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**